UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John James Bell, *a.k.a. Omar Abdel-Al-Mumit*,<br><br>  Petitioner,<br><br>vs.<br><br>Cecilia Reynolds, Warden, Kershaw Correctional Institution,<br><br>  Respondent. | ) C/A No. 8:07-2776-GRA-BHH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **Report and Recommendation**<br>)<br>) |

The Petitioner, John James Bell (Petitioner), proceeding *pro se*, brings this Petition for a Writ of Error Coram Nobis. Petitioner is an inmate at Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC) and names a SCDC employee as Respondent[1]. Petitioner asks the Court to reverse his state court conviction and further attaches to his Petition a document entitled Regarding Writ of Mandamus. The action should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents:

---

[1] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

*Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville,* 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* Petition is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff or petitioner could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

The above-captioned case, seeking a writ of error coram nobis was filed on August 17, 2007. On September 26, 2007, the Court received an Amended Petition for Writ of Coram Nobis from Petitioner. It appears Petitioner's writ of coram nobis relates to a prior case Petitioner filed in the United States District Court for the District of South

Carolina: Civil Action No. 8:07-1639-GRA (C/A No. 07-1639).  In  C/A No. 07-1639, a writ of habeas corpus, filed by Petitioner in June of 2007, was summarily dismissed as successive under 28 U.S.C. § 2244.[2]   Petitioner's pleadings in the instant action, and attachments thereto, reference C/A No. 07-1639, and provide facts to allege why Petitioner's state court conviction should be reversed.  Petitioner, citing numerous cases, statutes, and legal texts, discusses the "gross ineffectiveness" of his trial and appellate counsel.  Petitioner also claims that "trial counsel, solicitor and trial judge [are] guilty of misconduct" in connection with this state conviction.  Petitioner further appears to "question" the "integrity of prior habeas corpus proceeding[s]."

In addition to Petitioner's action seeking a writ of coram nobis, he also filed an attachment entitled Regarding Writ of Mandamus on September 14, 2007.   However, this document merely discusses further the "gross miscarriage of justice" Petitioner faced in state court, and fails to specify what, if any, action(s) he wishes the Court to compel.

Discussion

The Petitioner is seeking a writ of coram nobis from the United States District Court for the District of South Carolina.  However, the writ of coram nobis has been abolished in federal *civil* practice.  See Fed. R. Civ. P. 60(b).  Although several courts have ruled that the writ of coram nobis is still available to persons convicted of *federal* crimes,[3]

---

[2]  Petitioner's first habeas action, Civil Action No. 4:99-2663-GRA (C/A No. 99-2663), was filed on August 12, 1999.  In C/A No. 99-2663, summary judgment was granted for the Respondents on August 21, 2000, and Petitioner appealed.  On March 12, 2001, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal.

[3]   *See, e.g.,United States v. Hansen*, 906 F. Supp. 688 (D.D.C. 1995).

it is not available to state prisoners. *See Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir. 1992); *Mosbarger v. Superior Court of Contra Costa*, 1995 WL 743721 (N.D.Cal., December 8, 1995). In any event, the Petitioner has filed his Petition for a writ of coram nobis in the wrong court. A Petition for writ of coram nobis is to be filed in the court in which the judgment was rendered. *See Lowery v. McCaughtry*, 954 F.2d at 423; *Mosbarger v. Superior Court of Contra Costa*, 1995 WL at 743721 n. 2; *Black's Law Dictionary* 1444 (5th ed. 1979). Hence, the Petitioner should have filed his Petition for a writ of coram nobis in the Court of General Sessions for Aiken County. Thus a writ of coram nobis is not an available remedy in the above captioned federal civil action.

Petitioner's present action clearly attempts to challenge his state court judgment and seeks reversal of his conviction. Therefore, it appears Petitioner may have labeled the current action as a writ of error coram nobis to avoid having the claim deemed a "successive" habeas corpus action pursuant to U.S.C. § 2244(b). However, to the extent Petitioner's action may be construed as an attempt at habeas relief, it should be dismissed as successive. The Petitioner has filed two prior habeas actions and the present petition is the third case filed by Petitioner with respect to his state convictions. In order for this Court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re: Fowlkes*, 326 F. 3d 542 (4th Cir. 2003)*; In re: Williams*, 330 F. 3d 277 (4th Cir. 2003). The Petitioner has not received permission from the United

States Court of Appeals for the Fourth Circuit to file a second or successive § 2254 petition, therefore, this Court does not have jurisdiction to consider such an action.[4]

The Petitioner also seeks a writ of mandamus from the United States District Court for the District of South Carolina. Mandamus is a drastic remedy to be used only in extraordinary circumstances. *See Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976). Mandamus relief is only available when there are no other means by which the relief sought could be granted, *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987), and may not be used as a substitute for appeal, *In re Catawba Indian Tribe*, 973 F.2d 1133, 1135 (4th Cir. 1992). The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). The Fourth Circuit Court of Appeals has held that:

> "[t]he party seeking a writ of mandamus must satisfy the conditions of a rigorous test, demonstrating each and every one of the following requirements: (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances."

*In re Braxton*, 258 F.3d 250, 261 (4th Cir. 2001), *citing United States ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502 (4th Cir. 1999).

The Petitioner makes no arguments establishing that he is clearly and indisputably entitled to mandamus relief. Since the Petitioner failed to demonstrate one

---

[4] To the extent Petitioner may be attempting to appeal the dismissal of his Petition for a writ of habeas corpus in C/A No. 07-1639, the appropriate avenue is the filing of an appeal in that case. *See* F. R. App. P. 3,4.

5

of the necessary conditions for the issuance of a writ of mandamus, the court need not look any further.  It is noted however, that the Petitioner also failed to demonstrate any of the remaining conditions set out in *Braxton*, 258 F.3d at 250, and further fails to even specify the type of mandamus relief desired.   No extraordinary circumstances are presented by the Petitioner to warrant the drastic remedy of a writ of mandamus requiring the South Carolina State Courts to immediately release the Petitioner.  Therefore, the writ of mandamus should be dismissed.

In addition, it is significant that Petitioner appears to seek mandamus relief against a State Court.  District Courts are granted under 28 U.S.C. § 1361, "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Thus, on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees. *See United States v. Oncology Assocs.*, 198 F.3d 502, 510 (4th Cir. 1999).  Should Petitioner look to 28 U.S.C. § 1651, the "all writs statute", as a source of mandamus authority, relief would still be unavailable.  A writ of mandamus is limited to cases where federal courts are acting in aid of their respective jurisdictions.  *See* 28 U.S.C. § 1651; and *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969).  Since the Petitioner seeks mandamus relief against a State Court, the United States District Court for the District of South Carolina lacks jurisdiction under §§ 1361 and/or 1651 to grant such relief.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Petitions

for a Writ of Coram Nobis and Writ of Mandamus in the above-captioned case *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31, *Neitzke v. Williams*, 490 U.S. at 324-25, *Todd v. Baskerville* 712 F.2d at 74. Petitioner's attention is directed to the important notice on the next page.

                                      Respectfully Submitted,

October 15, 2007
Greenville, South Carolina

                                      */s/ Bruce H. Hendricks*
                                      BRUCE H. HENDRICKS
                                      UNITED STATES MAGISTRATE JUDGE

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 10768**
**Greenville, South Carolina 29603**