UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| John James Bell, a.k.a. Omar Abdel-Al-Mumit,       )<br>                                                                  )<br>                              Petitioner,            )<br>                                                                  )<br>              v.                                             )<br>Cecilia Reynolds, Warden, Kershaw       )<br>Correctional Institution,                          )<br>                                                                  )<br>                              Defendant.           )<br>                                                                  )<br>_____ ) | C/A No.: 8:07-cv-2776-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter is before the Court for review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(d), D.S.C., and filed on October 15, 2007. Plaintiff originally filed a Writ of Coram Nobis and a Writ of Mandamus on August 17, 2007. Magistrate Judge Hendricks recommends that this Court dismiss both petitions. For the reasons stated herein, we adopt the magistrate's recommendation.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which *specific objection* is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

Plaintiff filed nine pages of "objections." However, "Courts have . . . held *de novo* review to be unnecessary . . . in situations when a party makes general and conclusory objections that *do not direct the court to a specific error in the magistrate's proposed findings and recommendation*." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The petitioner failed to identify any specific error in the magistrate's recommendation. Rather, the petitioner discusses multifarious theories of vindication—including theories based on hypnosis, *Pet's Mot.* at 7, corruption of evidence, *Id.* at 9, and the existence of a pecan at the scene of the crime, *Id.* at 8. Therefore, due to the absence of any *specific* objections, this Court need not address the petitioner's "objections."

After a thorough review of the magistrate's Report and Recommendation, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the petitioner's Writ of Coram Nobis and Writ of Mandamus are dismissed without prejudice and without issuance of service of process.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

November 8, 2007
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.