UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| John James Bell, a.k.a. Omar Abdel-Al-Mumit, ) | C/A No.: 8:07-cv-2776-GRA | |
| ) | | |
| Petitioner, ) | | |
| ) | **ORDER** | |
| v. ) | (Written Opinion) | |
| Cecilia Reynolds, Warden, Kershaw Correctional Institution, ) | | |
| ) | | |
| Defendant. ) | | |

This matter comes before Court on the petitioner's Motion to Vacate, filed on November 14, 2007, and the petitioner's Writ for Reconsideration, filed on November 20, 2007. Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Therefore, this Court is will liberally construe any pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

### Discussion

*Rule 60(b) Motion*

The petitioner argues that he is entitled to relief under Rule 60 because of newly discovered evidence. Rule 60(b) states in relevant part that:

> On motion and upon such terms are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b). . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. R. 60(b). Given the timing of this Motion, the Court assumes that the petitioner is seeking to vacate this Court's November 11, 2007 Order denying his August 17, 2007 Writ of Error Coram Nobis and Writ of Mandamus.

The petitioner fails to provide any new evidence to support his motion. Though he continually refers to the existence of new evidence, he never presents the type of evidence that would move the Court to vacate its November 11, 2007 Order. Therefore, the petitioner's Motion to Vacate construed as a Rule 60(b) Motion is DENIED.

### *Motion for Reconsideration*

The petitioner asks this Court to reconsider its November 11, 2007 Order because: "Petitioner was totally unaware that 'Error Coram Nobis' was not available to state prisoners; however, this recommendation also cited other reasons why writ should be dismissed. Petitioner disagrees and feels as though those grounds were adequately addressed heretoforth [sic]." *Pet's Writ for Recons.* at 1. After a review of the record in this case, the Court finds that its prior decision was correctly issued based on the applicable law. Consequently, this Court must deny Petitioner's motion.

### Conclusion

After a thorough review of the petitioner's motions, this Court DENIES the petitioner's Rule 60(b) Motion to Vacate because it fails to demonstrate any new evidence. Further, the Court DENIES the petitioner's Motion to Reconsider because, after a review of this Court's prior order, the Court finds it was decided properly.

IT IS THEREFORE SO ORDERED THAT the petitioner's Motion to Vacate is DENIED; it is FURTHER ORDERED THAT the petitioner's Motion to Reconsider is DENIED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

November 27, 2007
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.